## Mohr  v.  Haydt

*Elwood M. Malos,* for plaintiff.
*William G. Ross,* for defendant.

GRIFO, J., January 31, 1973—This matter is before the court pursuant to defendant's preliminary objections in the nature of a motion to strike for lack of jurisdiction and a motion for a more specific complaint.

The case arises out of an automobile mishap. Minor-plaintiff, Donna Mohr, was walking along a road in Lehigh Township, Northampton County, Pa. Proceeding along the same road driving an automobile, defendant came upon an intersection which minor-plaintiff was also approaching. The paths of the two parties in some way crossed, resulting in bodily injuries to minor-plaintiff.

In his preliminary objections, defendant first moves to strike for lack of jurisdiction, requesting this court to either dismiss the complaint or certify the matter to arbitration, the reason being that "the instance [sic] case is of such a minor nature that it would never encompass or exceed a figure of $5,000.00," $5,000 being the amount in controversy below which this court, by its own motion, or upon motion of any party, may certify a matter over for arbitration: Act of June 16, 1836, P.L. 715, sec. 8.1, as amended to July 9, 1971, 5 PS §30. As part of the basis for this position, defendant notes that in the second count of the complaint, Llewellyn Mohr, parent and natural guardian of minor-plaintiff, through whom she is suing, and who is suing also in his individual capacity, lists only $30 in medical expenses, incurred as a result of the accident.

In count I of the complaint, minor-plaintiff avers as follows:

"7. Solely as a result of the negligence of the defendant as hereinbefore set forth, minor plaintiff suffered severe injuries in and about her entire body, including bruises and abrasions throughout her entire body as well as abdominal injuries and numerous additional and related injuries, all of which have caused her severe pain, suffering, inconvenience and mental distress, and will in the future cause her pain, suffering, inconvenience and mental distress for the balance of her life.

"8. Solely as a result of the negligence of the defendant as hereinbefore set forth, minor plaintiff suffered injuries which are permanent in nature.

"9. Solely as a result of the negligence of the defendant as hereinbefore set forth, minor plaintiff suffered severe permanent disabilities, both of a physical and a mental nature, to her great financial loss.

"10. Solely as a result of the negligence of the defendant as hereinbefore set forth, minor plaintiff suffered a permanent impairment to her earning capacity, to her great financial loss."

Before proceeding, we must note that " [o]n a motion to strike a pleading all of the facts alleged therein are taken as true for the purpose of the objection": 2 Anderson Pa. Civ. Pract. 477. And further, a "court will ordinarily accept plaintiff's averments of the amount of damages claimed as bona fide, rather than make a preliminary assessment of the amount actually in controversy on the basis of a pre-trial procedure under Pa. R.C.P. 1044(d)": Spadel v. Zarlinski, 39 D. & C. 2d 452 (1966); Rulli v. Nore, 77 Montg. 210 (1960).

Applying the above principles of law to the averments as set out in plaintiffs' complaint, we must deny defendant's motion to strike for lack of jurisdiction.

Proceeding to his second motion, praying for a more specific complaint, defendant argues that despite the language of plaintiffs' complaint, as quoted above, "(n)owhere are these injuries named or explained so that defendant can adequately prepare a defense."

While it is true that " [a] motion for a more specific complaint, under Pa. R.C.P. 1017(b)-3, is available so that a defendant's right and ability to answer and defend will not be unduly impaired by a plaintiff's vagueness in stating the grounds of his suit . . . the motion for specificity cannot be used to make a party

794

plead purely evidentiary matters . . .": Lawnlite Co. v. Coleman, 38 Northamp. 19 (1966). "To require plaintiffs to set forth the particular items of medicine which they have purchased in the past and to enumerate their specific aches and pains would be, in effect, requiring plaintiffs to plead evidence": Strohecker v. Crissinger, 21 D. & C. 2d 365 (1960).

In examining plaintiffs' complaint, in toto, there is not that vagueness which would impair defendant in the preparation of his defense. If defendant requires more, he must, at this point, resort to discovery.

Wherefore, the court enters the following

### ORDER

And now, to wit, January 31, 1973, defendant's preliminary objections in the nature of a motion to strike for lack of jurisdiction and a motion for a more specific complaint are denied.